IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

   -v-

$60,438 UNITED STATES CURRENCY,

        Defendant.

_____

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and Mary Clare Kane, Assistant United States Attorney, of counsel, for its verified complaint herein alleges as follows:

## CAUSE OF ACTION

1.     This is an action *in rem* pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture of the sum of $60,438 in United States currency (hereinafter "the defendant currency"), which was seized from John Cox on or about May 1, 2023.

2.     This Court has subject matter jurisdiction of this action pursuant to the provisions of Title 28, United States Code, Sections 1345 and 1355(a), and *in rem* jurisdiction pursuant to Title 28, United States Code, Sections 1355(b) and 1355(d).  Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1395.

3.     On May 1, 2023, law enforcement officers from the Erie County Sheriff's

Office, along with the Homeland Security Investigations Border Enforcement Task Force, seized the defendant currency from John Cox during a traffic stop of a 2021 Nissan Titan pickup truck, bearing Florida license plate QZR-T77, which had been rented from Avis, a car rental company.  The defendant currency was seized on the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance, as proceeds traceable to exchanges of controlled substances, and had otherwise been used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq*.

4.      The defendant currency was processed and deposited into the U.S. Customs and Border Protection Suspense Account in the Western District of New York, where it will remain until the conclusion of the judicial forfeiture proceedings.

## RELEVANT FORFEITURE AUTHORITY

**Title 21, United States Code, Section 881:**

**(a)  Subject property**

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\*      \*      \*

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to  such an exchange, and all moneys, negotiable instruments, and securities used or  intended to be used to facilitate any violation of this subchapter.

**BASIS FOR FORFEITURE**

5.     Homeland Security Investigations ("HSI") Border Enforcement Task Force ("BEST") conducted an investigation into narcotics trafficking in Western New York during which HSI BEST agents intercepted the communications of various targets, including John Cox (hereinafter "claimant") and a cocaine source of supply referred to herein as "C.W." Based upon certain recorded conversations between claimant and C.W., the agents learned that claimant planned to drive from the Orlando, Florida area to the Buffalo, New York area on or about May 1, 2023 to purchase controlled substances. The agents believed that claimant would be carrying U.S. currency with him in order to purchase cocaine from C.W. in Buffalo, New York.

6.     The following are excerpts of the recorded calls between claimant and C.W.:

   a. On or about March 28, 2023, during a telephone call with C.W., claimant stated, "So ...[ ] do I take half or you want me to take the whole thing?" to which C.W. replied, "It's up to you. It would be worth it if you were selling the [Unintelligible]." Claimant then stated, "So then would you for twenty-three?" [Your affiant believes that the reference to "twenty-three" is a reference to $23,000 dollars for a kilo of cocaine].

   b. On or about April 2, 2023, during a recorded telephone call with C.W., claimant stated, "Man, you gotta throw me a number though, so I can put this shit together. I don't just walk around with...[.]"   C.W. responded, "I told you, Michael Jordan." [Your affiant believes that the reference to "Michael Jordan" is a reference to Michael Jordan's jersey number - 23 - which is in turn a reference to $23,000 dollars.]  Claimant then stated,  "Yeah, cool. I use to walk around, but you know, Fifty (50) on me, hundred (100) bands is over,  I ain't doing that no more [chuckles]."

   c. On or about April 2, 2023, during a recorded telephone call with C.W., claimant stated, "I'm... I'm at home too, that works out 'cause I got the bread.

A'ight, so let me put some bread together, see what I want to do." [Your affiant believes that the reference to "bread" is a reference to money.]

d.  On or about May 1, 2023, during a recorded telephone call with C.W., claimant stated, "Okay, I'll call you in a little bit, then. I'll call you in like five (5) hours, or something."

7.      Based upon other information gathered during the investigation, agents learned that claimant was in the Orlando, FL area. Based on cell cite and other information, agents learned that claimant used cellular phone number (352) 931-####.  Agents also learned that the claimant rented a white 2021 Nissan Titan pick-up truck bearing Florida license plate QZR-T77 from Avis and that the claimant was driving to Western District of New York to meet C.W.

8.      On or about May 1, 2023, HSI BEST and Erie County Sheriff's Office ("ECSO") set up surveillance on the New York State Thruway, I-90 Eastbound at the New York/Pennsylvania state line. At approximately 3:00 p.m., on May 1, 2023, law enforcement observed the white 2021 Nissan Titan pick-up truck bearing Florida license plate QZR-T77 (hereinafter "the vehicle") on the I-90 East.

9.  Surveillance of the vehicle continued for approximately 40 minutes. ECSO deputies thereafter initiated a traffic stop of the vehicle on the I-90 East near Sturgeon Point Road at approximately 3:40 p.m..

10.     After the vehicle was pulled over, ECSO deputies approached the vehicle and encountered two male individuals, one of whom was John Cox, the claimant.

4

11.    During the course of the traffic stop, the claimant informed the agents, in sum and substance, that two guns were in the vehicle along with about $50,000 in U.S. currency.

12.    Thereafter, a United States Border Patrol Agent who is a certified narcotics K-9 handler and his drug detection dog "Shanti." Reported to the scene.    Shanti isa certified narcotics canine who receives about 16 hours of training per month and is re-certified every year, arrived at the scene. Shanti is capable of detecting presence of marijuana, cocaine, methamphetamine, heroin, ecstasy and their derivatives.  Shanti  was exposed to the outside of the vehicle and sniffed the exterior of the vehicle.  Shanti positively alerted to the presence of  controlled substances within the vehicle.

13.    Subsequently, ECSO deputies  searched the vehicle. Inside the vehicle,  ECSO deputies s found a pillowcase, containing a number of pouches/bags that contained the defendant currency. Additionally, two firearms and a small bag of marijuana were also found inside the vehicle.

14.    Upon seizure of the pillowcase and its contents, ECSO deputies  discovered the defendant currency bundled in rubber bands and inside pouches or other containers as represented in certain photographs below:



15.     A total of $60,438 in U.S. currency was seized from the vehicle. The defendant currency was comprised of $100, $20, $10, $5, and $1 bills, rubber banded in individual bundles.

16.     The denominations of the defendant currency were as follows:

| Denominations | Number of Bills | Total |
|---|---|---|
| $100 | 10 | $1,000 |
| $20 | 2,739 | $54,780 |
| $10 | 250 | $2,500 |
| $5 | 300 | $1,500 |
| $1 | 658 | $658 |

17.     Based upon training and experience of law enforcement, , the abundance of twenty-dollar bills is significant because small denominations (such as twenty-dollar bills) are more commonly used than any other denominations in street level narcotics trafficking. Notably, narcotics dealers often  conduct their transactions in cash, and transport the cash in bundles of secured by rubber bands which are secreted or hidden in a number of ways.

18.     The defendant currency was seized because there is a reasonable belief the defendant currency was furnished, or intended to be furnished, in exchange for a controlled substance, was proceeds traceable to such an exchange(s) of controlled substances, and as funds used, or was intended to be used, to facilitate a violation of Title 21, United States Code, Section 841 *et. seq*.  (trafficking of controlled substances).

## INITIATION OF CIVIL JUDICIAL ACTION

19.    On or about June 1, 2023, Herbert L. Greenman, Esq., submitted a claim of ownership on behalf of John Cox, to the U.S. Customs and Border Protection to halt the administrative forfeiture proceedings and for the institution of judicial forfeiture proceedings. No supporting documents were included with the claim.

## CONCLUSION AND REQUEST FOR RELIEF

20.    Based on all of the foregoing facts, the circumstances surrounding those facts, and the experience and training of the officers and agents involved in the investigation leading to the seizure of the defendant currency, there is a reasonable belief that the defendant currency was furnished, or intended to be furnished, in exchange for a controlled substance, was proceeds traceable to such an exchange(s) of controlled substances, and violated Title 21, United States Code, Section 841 *et. seq.* and, therefore, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

**WHEREFORE**, the United States of America respectfully requests:

(1)    that an arrest warrant *in rem* be issued for the arrest of the defendant currency;

(2)    that all persons having any interest therein be cited to appear herein and show cause why the forfeiture should not be decreed;

(3)    that a judgment be entered declaring the defendant currency be condemned and forfeited to the United States of America for disposition in accordance with the law;

(4)    that the costs of this suit be paid to and recovered by the United States of America; and

(5)    that the Court grant such order and further relief as deemed just and proper.

DATED:   Buffalo, New York,  August 2, 2023.

TRINI E. ROSS
United States Attorney
Western District of New York

By:     Mary Clare Kane

MARY CLARE KANE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York   14202
(716) 843-5860
mkane@usa.doj.gov


Ms. Katie Glover
2023 Summer Law Clerk
Assisted in Preparation of the Complaint

STATE OF NEW YORK   )
COUNTY OF ERIE         )         ss.:
CITY OF BUFFALO       )

FRANK ZABAWA, being duly sworn, deposes and says:

I am a Special Agent with Homeland Security Investigations, Buffalo New York, and I am familiar with the facts and circumstances surrounding the seizure of the $60,438 in United States currency seized from JOHN COX on or about May 1, 2023. The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief and based upon my personal knowledge and information furnished to me by officers and agents of the Homeland Security Investigations Border Enforcement Task Force, Erie County Sheriff's Office, and provided to officials of the United States Department of Justice.

FRANK ZABAWA
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this ⌒ day of August, 2023

Cheryl LoTempio
Notary Public, State of New York
Qualified in Erie County
My Commission Expires June 30, 2026